# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2008

Charles R. Fulbruge III
Clerk

No. 08-60287
Summary Calendar

ABDUL KARIM

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 011 669

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Abdul Karim seeks review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen the removal proceedings against him. He argues that the BIA should have exercised its authority under 8 C.F.R. § 1003.2(a) to reopen the removal proceedings against him sua sponte. The BIA denied Karim's motion, finding that no exceptional circumstance warranted the exercise of its authority to sua sponte reopen Karim's proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court cannot undertake review of an agency's discretionary determination where there is "no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830 (1985). There are no guidelines directing the BIA's decision whether to reopen removal proceedings on its own motion. See 8 C.F.R. § 1003.2(a). Therefore, this court has no jurisdiction to review the BIA's decision to deny Karim's motion for a sua sponte reopening of his removal proceedings. See Ramos-Bonilla v. Mukasey, 543 F.3d 216, 220 (5th Cir. 2008); Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 249–50 (5th Cir. 2004). See also, e.g., Lenis v. U.S. Atty. Gen., 523 F.3d 1291, 1292-93 (11th Cir. 2008) (citing cases). We decline Karim's invitation to revisit this court's holding in Enriquez-Alvarado. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999) ("It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision"). Additionally, we note that the denial of Karim's motion for reopening under § 1003.2(a) does not amount to a deprivation of a liberty interest protected by the Due Process Clause of the Constitution. See Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550 (5th Cir. 2006) (holding that a discretionary decision to deny a motion to reopen does not amount to a deprivation of a liberty interest).

Accordingly, Karim's petition for review is DISMISSED.