# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 07-61005
Summary Calendar

HUSAIN RAFIK KURJI

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 567 258

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Husain Rafik Kurji, a native and citizen of India, petitions this court for review of the Board of Immigration Appeals' (BIA's) denial of his motion to reopen his removal proceedings on the basis that his motion to reopen was untimely and did not demonstrate exceptional circumstances meriting a sua sponte reopening of the proceedings pursuant to 8 C.F.R. § 1003.2(a). Kurji also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitions this court for review of the BIA's denial of his motion to reconsider the denial of his motion to reopen.

Kurji does not dispute the BIA's determination that his motion to reopen was untimely and argues instead that the BIA erred in denying his motion to reopen because he did not become eligible for the adjustment of status justifying the reopening his proceedings until after the 90-day filing period set forth in § 1003.2(c)(2) had expired. He further contends that this court should toll the 90-day period because the BIA has been inconsistent and arbitrary in its decisions whether to sua sponte reopen proceedings in similar cases. However, this court does not have jurisdiction to consider the BIA's refusal to sua sponte reopen Kurji's proceedings. See Ramos-Bonilla v. Mukasey, 543 F.3d 216, 220 (5th Cir. 2008).

Although Kurji also argues that the BIA did not give sufficient reasons for its denial of his motion to reopen, the BIA's reasons for denial were adequate. Kurji additionally argues that the BIA violated the "constitutional avoidance doctrine" by arbitrarily depriving him of his liberty and property interests when it denied his motion to reopen. However, this argument lacks merit because there is no liberty interest at stake in a motion to reopen. See Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550 (5th Cir. 2006). Kurji further asserts that his motion to reopen's reliance on § 245 of the LIFE Act "may" trump § 1003.2(c)(2), which would transform his motion to reopen into a statutory, rather than a regulatory, right and thus "raise[] concerns" under the Due Process and Equal Protection Clauses. However, he has failed to brief this issue, and thus he has abandoned it. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003); Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986).

Accordingly, Kurji's petition for review is DENIED.