# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 11, 2011

Lyle W. Cayce
Clerk

No. 09-60953
Summary Calendar

JULIE ADIAHA EDEMEKA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A028 890 826

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Julie Adiaha Edemeka, a native and citizen of Nigeria, petitions this court for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") denial of her motion to reopen her removal proceedings. She challenges the IJ's decision to deny her motion, and she challenges the refusal of the IJ and the BIA to reopen the proceedings *sua sponte*. Finding both challenges to be without merit, we deny Edemeka's petition for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Edemeka moved to reopen her removal proceedings on the ground that she had received ineffective assistance of counsel. Edemeka challenges the IJ's denial of her motion on three grounds. First, she argues that the IJ retroactively applied the wrong legal standard to her ineffective-assistance-of counsel claim. Second, she argues that her motion should have been granted because she established ineffective assistance of counsel under the standard announced in *Strickland v. Washington*.[1] Finally, she argues that the denial of her motion was arbitrary and capricious.

Edemeka's claim that the IJ applied the wrong legal standard to her motion is without merit. At the time that Edemeka filed her motion to reopen in October 2008, claims of ineffective assistance of counsel during immigration proceedings were adjudicated under the factors laid out in *Matter of Lozada*.[2] In January 2009, the *Lozada* factors were superseded in part by Attorney General Mukasey's decision in *Compean I*,[3] which announced a new, more stringent test for determining when a motion to reopen removal proceedings should be granted because of ineffective assistance of counsel. Less than five months later, Attorney General Holder issued *Compean II*, which vacated *Compean I* and restored the *Lozada* standard.[4] Edemeka argues that this "mid-stream" change in the governing legal standard violated her Due Process rights. However, at no time was there any uncertainty whether Edemeka's petition would be decided under *Lozada* or *Compean I*. *Compean I* expressly stated that it applied only to motions filed after the date on which it issued: "with respect to motions filed prior to" the opinion, IJs were instructed that "they should

---

[1] 466 U.S. 668 (1984).

[2] *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

[3] *Matter of Compean*, 24 I. & N. Dec. 710 (Att'y Gen. 2009).

[4] *See Matter of Compean*, 25 I. & N. Dec. 1, 3 (Att'y Gen. 2009).

continue to apply the *Lozada* factors."[5]   Edemeka's claim that some of the proceedings in the case were "based on *Compean*" finds no support in the record. The IJ was correct to rest his July 2009 denial of Edemeka's motion to reopen on an application of the *Lozada* factors.

Edemeka's argument that her motion should have been granted because she has established ineffective assistance of counsel under *Strickland* is likewise without merit.  The Sixth Amendment right to counsel at issue in *Strickland* applies only in criminal proceedings.[6]  Removal proceedings are civil in nature; *Strickland* has no applicability here.[7]

Edemeka also cannot show that the IJ's denial of her motion to reopen was arbitrary and capricious in light of all of the circumstances.  We review the BIA's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard."[8]  We must uphold a decision of the BIA, "even a decision that we deem in error, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."[9]  The record shows that Edemeka was not honest in her dealings with the Department of Homeland Security; her applications for relief contained incomplete or inaccurate information.  Further, she intentionally failed to voluntarily depart

---

[5] *Compean I*, 24 I. & N. Dec. at 741–42.

[6] *See, e.g.*, *Carty v. Thaler*, 583 F.3d 244, 257 (5th Cir. 2009) ("The Sixth Amendment guarantees a criminal accused the right to assistance of counsel . . . ."), *cert. denied*, 130 S. Ct. 2402 (2010).

[7] *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) ("[A]n alien has no Sixth Amendment right to effective counsel during removal proceedings . . . ."); *see also United States v. Villanueva-Diaz*, —F.3d—, No. 10-50176, 2011 WL 693001, at *5 & n.3 (5th Cir. Mar. 1, 2011).

[8] *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005).

[9] *Id.* (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993) (per curiam)).

as ordered.[10] All but one of the factors Edemeka relies on to support her motion to reopen are conditions that have arisen as a result of her continued unlawful stay in the United States.[11] Thus, the IJ's denial of her motion to reopen the proceedings was not arbitrary, capricious, or utterly without foundation in the evidence.

Edemeka also challenges the refusal of the IJ and the BIA to reopen her removal proceedings *sua sponte.* The relevant regulatory provisions vest the IJ[12] and the BIA[13] with complete, unfettered discretion when determining whether to reopen a case on their own motion.[14] Because "'review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion,'"[15] we lack jurisdiction to review the refusal of the IJ and the BIA to exercise *sua sponte* their general authority to reopen immigration proceedings.[16]

Because none of Edemeka's challenges to the BIA's decision gives us ground to set that decision aside, her petition for review is DENIED.

---

[10] *See I.N.S. v. Rios-Pineda*, 471 U.S. 444, 450–51 (1985) (confirming the BIA's authority to consider prior acts of dishonesty, violations of the immigration laws, and the failure to comply with a grant of voluntary departure when determining whether to grant or deny a motion to reopen).

[11] *See id.* at 448 (affirming the BIA's decision to disregard facts allegedly weighing in favor of granting a motion to reopen where those facts were only available because the petitioners had wrongfully remained in the United States).

[12] 8 C.F.R. § 1003.23(b) ("An Immigration Judge may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision . . . .").

[13] 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."), *invalidated on other grounds by William v. Gonzales*, 499 F.3d 329, 334 (4th Cir. 2007).

[14] *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219–20 (5th Cir. 2008).

[15] *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249 (5th Cir. 2004) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).

[16] *Ramos-Bonilla*, 543 F.3d at 220; *Enriquez-Alvarado*, 371 F.3d at 250.