IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-60312

OSCAR ARNOLDO RAMOS-BONILLA

Petitioner

v.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals

Before KING, DeMOSS, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

The Board of Immigration Appeals ("BIA") denied petitioner's motions to reopen. Because we lack jurisdiction to review the BIA's discretionary decision not to exercise its authority to reopen a case sua sponte, we dismiss petitioner's appeal.

## I. FACTS AND PROCEDURAL HISTORY

Oscar Arnoldo Ramos-Bonilla ("Ramos"), a citizen of El Salvador, arrived in the United States in June 1986 without inspection by an immigration officer. The Immigration and Naturalization Service ("INS") ordered Ramos to show cause as to why he should not be deported. Ramos conceded deportability, but he applied for asylum and withholding of deportation, claiming he would be

tortured and killed if he were removed to El Salvador.  At an immigration hearing in May 1987, Ramos's counsel appeared, but Ramos himself did not attend and did not show good cause for his failure to appear.  The court deemed Ramos's asylum claim abandoned and granted Ramos voluntary departure.  Ramos's counsel waived Ramos's right to appeal that decision.  In the ensuing years, Ramos remained in the United States, got married in New York, and fathered two children, who are both American citizens.  Ramos's wife became a lawful permanent resident on April 25, 2000.

On September 9, 1998, Ramos filed an initial motion to reopen and stay deportation to allow him to apply for relief under § 203 of the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100 ("NACARA").[1] Ramos alleged that his deportation would cause extreme hardship to him and his family.  Thereafter, Ramos's counsel at the time, New York lawyer David M. Sperling ("Sperling"), also submitted a full NACARA application ("I-881") on Ramos's behalf.  According to Sperling, he filed the full application prior to the November 18, 1999 deadline.  However, instead of properly submitting that form to the immigration court, Sperling filed the application with INS's Vermont Service Center.

---

[1] Section 203 of NACARA allowed an alien to file a motion to reopen immigration proceedings.  The deadline to file an initial motion to reopen was September 11, 1998.  8 C.F.R. § 1003.43(e)(1).  An alien also was required to submit an application for suspension of deportation or special rule cancelling removal and accompanying documents by November 18, 1999.  Id. § 1003.43(e)(2).  Under § 203 of NACARA, aliens were allowed to apply for suspension of deportation under the more lenient standard that existed before the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208 ("IIRIRA"), was enacted.  Before IIRIRA, deportation could be stayed if an applicant could show that she or a qualifying relative would suffer extreme hardship.  See Immigration and Nationality Act ("INA") § 244(a)(1), 8 U.S.C. § 1254(a)(1) (1994).

In June 2000, Sperling wrote a letter to the immigration court, explaining that the complete NACARA application had been timely filed, but filed in the wrong place. Sperling took full responsibility for this "procedural error" and requested that Ramos's case be administratively closed to allow him to seek NACARA relief.

On July 27, 2001, an immigration judge ("IJ") ruled that Ramos's initial motion was timely under NACARA; however, the judge denied the motion to reopen because Ramos had not filed the full NACARA application for suspension of deportation with supporting documents prior the regulatory deadline of November 18, 1999.

On August 7, 2001, Ramos filed an appeal with the BIA, arguing that the IJ abused its discretion in denying Ramos's motion to reopen. He argued that his motion to reopen and his I-881 application were both timely filed, and that the IJ acted contrary to the congressional purpose of NACARA in denying the motion on "a narrow technical issue"—submission of the I-881 application to the wrong agency. On February 28, 2002, the BIA dismissed the appeal, concluding that the IJ properly applied the regulatory filing deadline in denying Ramos's motion to reopen. Ramos did not appeal that ruling to this court.

Almost five years later, in January 2007, Ramos—represented by new counsel—filed a motion to reopen in the BIA on the basis of ineffective assistance of counsel. The motion requested that the BIA reopen the case to allow Ramos to seek relief under NACARA. Accompanying the motion was a statement by Ramos's new counsel—Linda G. Nanos ("Nanos")—that the denial of Ramos's original NACARA application was due to his prior attorney's ineffective

assistance and that Ramos is "prima facie eligible" for NACARA relief.[2]  Also attached was a sworn affidavit of Ramos that his prior NACARA application had been rejected due to attorney error.  He further swore that it would be an "extreme hardship" to be deported to El Salvador because of conditions in his home country and his established family in the United States.  On March 21, 2007, the BIA denied the motion to reopen, holding it time barred because the motion was filed nearly five years after the BIA's last decision, and number barred because the regulations allow only one motion to reopen, whether filed with the BIA or the IJ.  8 C.F.R. § 1003.2(c)(2).  Ramos had previously filed his original NACARA motion to reopen in 1998.

In addressing Ramos's ineffective assistance claim, the BIA noted that the Fifth Circuit had not adopted the doctrine of equitable tolling in this context. Nevertheless, even if equitable tolling were available, the BIA concluded that Ramos failed to show he was entitled to such relief because he failed to pursue his ineffective assistance of counsel claim with due diligence.  The BIA noted that Ramos must have been aware of his counsel's error when the IJ denied his first motion to reopen—more than five years prior to his second motion. Because Ramos failed to provide any explanation for that delay, the BIA denied his motion to reopen.  Ramos filed a timely petition for review of that order with this court.

On April 18, 2007, Ramos filed with the BIA what he styled a motion to reconsider the BIA's denial of his January 2007 motion to reopen.  Ramos attached an affidavit in which he claimed to establish a factual basis for a

---

[2] Nanos also sent a letter to attorney disciplinary authorities in New York, where Sperling practices.

finding of equitable tolling because, between the BIA's 2002 denial and his 2007 motion, Ramos "continuously tried to find legal advice and assistance to do whatever was appropriate to address his immigration problem."

The affidavit attempted to account for the long delays in his case. Ramos alleged that after Sperling admitted he had misfiled the NACARA application, Ramos took his file to "a person known as the 'Priest'" who was reputed to be "good in handling immigration cases." Ramos claimed he left his file with the "Priest"—who apparently is an ordained priest—at his office in St. Joseph's Church in the Bronx, New York. Ramos never heard back from the priest, but the priest's assistants told Ramos to wait. Ramos claimed he visited the church every two weeks for two years. Eventually he asked for his file back and was told it had been lost.

Ramos next sought the assistance of a New York attorney, who told him to wait while the attorney sought a copy of Ramos's immigration file. Another two years lapsed. In 2005, Ramos contacted a different attorney, Nanos, who—after another eleven months—obtained Ramos's file and filed the January 2007 motion to reopen. Ramos admits in the affidavit that Sperling told him in 2001 of the filing error. He also alleges—without further explanation—that the delays were caused in part by the government's delay in responding to a FOIA request.

Because Ramos's motion sought consideration of new evidence, the BIA characterized the motion as a third motion to reopen the IJ's May 6, 1987 order.[3]

---

[3] The first motion to reopen was the original NACARA motion filed in September 1998; the second was the January 2007 motion to reopen.

The BIA did not err in characterizing the April 2007 motion as a motion to reopen. A motion to reconsider is used to specify "errors of fact or law" in a prior BIA decision. 8 C.F.R. § 1003.2(b)(1). A motion to reopen, by contrast, alleges "new facts" and is "supported by

In a May 30, 2007 order, the BIA held the motion to be both time and number barred under 8 C.F.R. § 1003.2(c)(2). The BIA also concluded that because Ramos sought suspension of deportation—which is discretionary relief—he had no due process right to that relief and therefore no due process right to effective assistance of counsel in pursuing that relief. The BIA denied Ramos's motion, and Ramos filed a timely petition for review in this court.

In this appeal, Ramos seeks review of the BIA's decisions of March 21, 2007, and May 30, 2007. Ramos primarily argues that (1) the BIA abused its discretion by failing to apply equitable tolling or waive the numerical limitation with respect to his April 17, 2007 motion; and (2) the government should be equitably estopped from contesting his motion to reconsider or reopen.

## II. DISCUSSION

In general, this court has jurisdiction to review constitutional and legal claims raised in a petition for review of a BIA decision. 8 U.S.C. § 1252(a)(2)(D).[4] However, a petitioner must exhaust all administrative remedies before appealing to this court. Id. § 1252(d). This court has held that a failure to meet a regulatory deadline under NACARA is a failure to exhaust administrative remedies that strips this court of jurisdiction to review a BIA decision. See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248 (5th Cir. 2004). In Enriquez-

---

affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); see also Matter of Cerna, 20 I & N Dec. 399, 400, 402-03 (B.I.A. 1991) (describing the difference between a motion to reconsider and a motion to reopen). Ramos's April 2007 motion was accompanied by an affidavit offering new evidence of his due diligence in pursuing his immigration case.

[4] 8 U.S.C. § 1252(a)(2)(B)(ii) strips jurisdiction of federal courts to review an action by the Attorney General or Secretary of Homeland Security that is within the discretion granted in the INA. That provision, however, is no bar to this court's jurisdiction because the discretion exercised by the BIA in this case was pursuant to a grant of discretion by a regulation, 8 C.F.R. § 1003.2, not by statute. See Zhao v. Gonzales, 404 F.3d 295, 302-03 (5th Cir. 2005).

Alvarado, the petitioner filed his NACARA application in November 1999, after the September 1998 deadline for initial NACARA filings. Id.; see 8 C.F.R. § 1003.43(e). The BIA dismissed the petitioner's direct appeal, and he sought review in this court. Enriquez-Alvarado, 371 F.3d at 248. Under NACARA, an alien is limited to one motion to reopen, which must be filed prior to September 11, 1998. 8 C.F.R. § 1003.43(e). Immigration regulations allow motions to reopen or reconsider subject to specific time and number limitations. See id. § 1003.2(b)(2), (c)(2). However, because the petitioner failed to meet the NACARA deadline or the § 1003.2 requirements for a motion to reopen, the only remedy available was under the IJ's or the BIA's sua sponte authority to reopen the case. Enriquez-Alvarado, 371 F.3d at 248-49; 8 C.F.R. § 1003.23(b) ("An [IJ] may upon his or her own motion at any time, or upon motion of . . . the alien, reopen or reconsider any case in which he or she has made a decision . . . ."); 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). Because this provision gives an IJ or the BIA complete discretion to deny untimely motions to reopen, the reviewing court has no legal standard by which to judge the IJ's ruling, and therefore the court lacks jurisdiction. Enriquez-Alvarado, 371 F.3d at 249-50 (citing Heckler v. Chaney, 470 U.S. 821, 830 (1985) ("[R]eview is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.")).

Ramos seeks review of the BIA's denial of his untimely motions to reconsider. Ramos claims the time and number limitations that apply to motions to reopen should be equitably tolled due to ineffective assistance of counsel. This court has held that a request for equitable tolling of a time- or

number-barred motion to reopen on the basis of ineffective assistance of counsel is "in essence an argument that the BIA should have exercised its discretion to reopen the proceeding sua sponte based upon the doctrine of equitable tolling." Ben Jie Lin v. Mukasey, No. 07-60350, 2008 WL 2725317, at *1 (5th Cir. July 11, 2008) (per curiam) (unpublished). Therefore, under Enriquez-Alvarado, this court lacks jurisdiction to review the BIA's denials of Ramos's motions to reopen. See, e.g., Yang v. Mukasey, No. 07-60373, 2008 WL 2128002, at *1 (5th Cir. May 21, 2008) (per curiam) (unpublished) (holding that the Fifth Circuit lacks jurisdiction to review a BIA's denial of a time- and number-barred motion to reopen in which the petitioner sought equitable tolling on the basis of ineffective assistance of counsel); Riera-Elena v. Mukasey, 277 F. App'x 400, 402 (5th Cir. 2008) (per curiam) (unpublished) (same).

Because this court lacks jurisdiction to review the BIA's denial of Ramos's untimely motions to reopen, we do not reach Ramos's equitable tolling or ineffective assistance of counsel arguments on their merits.[5]

## III. CONCLUSION

---

[5] For the first time in his appeal, Ramos argues that the government should be equitably estopped from contesting his attempt to reopen immigration proceedings because the government failed to transfer his immigration petition from the INS, where it was filed, to the immigration court, where it should have been filed. Ramos also alleges that the government should have at least informed his attorney of the filing error.

Ramos did not raise this argument in any of the motions he filed with the BIA. Such a failure to exhaust creates a jurisdictional bar as to that issue, and this court will not consider that argument. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen.").

For the reasons stated above, we lack jurisdiction to consider this appeal. The petition for review of the BIA's rulings is dismissed.

DISMISSED.