**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-60483
Summary Calendar

CLAUDIA SIFUENTES-ASTURIAS; CESAR ASTURIAS-SIFUENTES; EDWIN JOVANY ASTURIAS-SIFUENTES; CLAUDIA LALILA ASTURIAS-SIFUENTES; KEVIN JEORDAO ASTURIAS-SIFUENTES,

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 575 102
BIA No. A75 575 103
BIA No. A75 575 104
BIA No. A75 575 105
BIA No. A75 575 106

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The Petitioners, Claudia Sifuentes-Asturias, Cesar Asturias-Sifuentes, Edwin Jovany Asturias-Sifuentes, Claudia Lalila Asturias-Sifuentes, and Kevin Jeordao Asturias-Sifuentes, citizens of Guatemala, petition this court for review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Board of Immigration Appeals (BIA) decision denying their motion to reopen removal proceedings. The BIA determined, inter alia, that the motion to reopen was filed almost six years after the BIA's dismissal of their appeal and the motion was therefore untimely. The Petitioners argue that the delay in filing their motion was attributable to ineffective assistance of counsel and the time limit for filing such a motion should therefore be equitably tolled.

Subject to certain exceptions that are inapplicable here, a motion to reopen removal proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The only authority for reopening the Petitioners' removal proceeding was the BIA's sua sponte authority to reopen the case pursuant to § 1003.2(a). *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). Under § 1003.2(a), the BIA has complete discretion to deny untimely motions to reopen. *See id.* This court lacks jurisdiction to review such decisions and therefore lacks jurisdiction to review the BIA's decision in the instant proceeding. *See id.* at 220; *Enriquez-Alvarado v. Ashcroft,* 371 F.3d 246, 248-50 (5th Cir. 2004).

PETITION DISMISSED.