**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60717
Summary Calendar

DALI RAMON DAVILA-CATIN

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 359 567

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dali Ramon Davila-Catin (Davila), a native and citizen of Nicaragua, petitions this court for review of the Board of Immigration Appeals (BIA) decision denying his motion to reopen removal proceedings as untimely. Davila argues that the BIA erred in denying his motion to reopen because he has an absolute right to de novo review of the denial of Temporary Protected Status (TPS). He further asserts that the motion to reopen was timely as to the denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of TPS because he was not denied TPS until January 8, 2008. He argues that the denial of his motion to reopen would lead to an absurd result and that he is entitled to a waiver for his conviction of marijuana possession. Davila also argues that the denial of his motion to reopen violated his due process right to an administrative review of the denial of TPS. The Government responds by arguing that this court lacks jurisdiction to review the BIA's refusal to grant discretionary relief.

Because Davila seeks review of the BIA's sua sponte authority to deny a motion to reopen and such authority is discretionary, this court lacks jurisdiction to review the BIA's decision. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). Davila's argument that his due process rights were violated by the BIA's denial of his motion to reopen is unavailing. There is no liberty interest in a motion to reopen. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

Davila's argument in his reply brief that the BIA is without discretion to deny his motion to reopen was not raised before the BIA. Likewise, Davila's argument that his motion to reopen was timely filed was not raised before the BIA. Davila has not exhausted his administrative remedies. As such, this court lacks jurisdiction to consider these issues. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft,* 260 F.3d 448, 452-53 (5th Cir. 2001).

Accordingly, the petition is DISMISSED.