# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2011

No. 10-60248
Summary Calendar

Lyle W. Cayce
Clerk

BENJAMIN EKENE NEZIANYA, also known as Benjamin Nezianya,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 400 745

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Benjamin Nezianya, a native and citizen of Nigeria, petitions for review of an order from the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings for adjustment of status as untimely, and declining to exercise its *sua sponte* authority to reopen. Nezianya contends: he has met the criteria required for a motion to reopen; and the BIA erred by failing to consider it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60248

The BIA has authority to reopen removal proceedings, subject to a 90-day filing period, upon a motion filed pursuant to 8 C.F.R. § 1003.2(c). Failure to file within the 90-day filing period does not preclude reopening such proceedings, however, as long as one of four exceptions applies. 8 C.F.R. § 1003.2(c)(3). The BIA's denial of a motion to reopen is reviewed for abuse of discretion; its factual findings, for substantial evidence. *See, e.g.*, *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). Because Nezianya's motion to reopen was untimely and failed to meet any of the exceptions set forth in 8 C.F.R. § 1003.2(c)(3), the BIA did not abuse its discretion in denying that motion as untimely.

Nezianya also maintains the BIA erred by failing to exercise its authority *sua sponte* to reopen his removal proceedings. Because 8 C.F.R. § 1003.2(a) provides the BIA with complete discretion in determining whether to reopen, our court lacks jurisdiction to review a challenge to the BIA's refusal to exercise its authority under § 1003.2(a). *E.g.*, *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010), *petition for cert. filed* (16 Nov. 2010) (No. 10-658); *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).

Nezianya claims this lack of jurisdiction constitutes a due-process violation. In his motion to reopen, Nezianya sought the opportunity to apply for adjustment of status. Contrary to Nezianya's assertion, "[our] circuit has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection". *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

DENIED in part; DISMISSED in part.