**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2011

No. 10-60003
Summary Calendar

Lyle W. Cayce
Clerk

ABNER FELIPE QUINTANA-FLORIAN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 819 661

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.
PER CURIAM:*

Abner Felipe Quintana-Florian, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals's (BIA) dismissal of his appeal from the Immigration Judge's denial of his motion to reopen an in absentia removal order. We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision will be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). The BIA's factual findings are reviewed under the substantial evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Quintana-Florian was ordered removed in absentia when he failed to appear for a hearing in 1998. In 2008, he sought to reopen the removal proceedings on the ground that he had not received notice of the hearing date.

To rescind an order of removal within 180 days after the order, the alien must "demonstrate that [his] failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). An order of removal may be rescinded at any time if the alien demonstrates, inter alia, that he did not receive notice "in accordance with paragraph (1) or (2) of [8 U.S.C. §] 1229(a)." § 1229a(b)(5)(C)(ii).

The BIA found, and Quintana-Florian does not dispute, that his motion was filed more than 180 days after the removal order. He argues, however, that the 180-day time limit should be equitably tolled based upon the ineffective assistance of his previous counsel of record.

"[A] request for equitable tolling of a time- or number-barred motion to reopen on the basis of ineffective assistance of counsel is 'in essence an argument that the BIA should have sua sponte reopened the proceeding based upon the doctrine of equitable tolling.'" *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008) (citation omitted). We lack jurisdiction to review the BIA's decision not to reopen removal proceedings sua sponte. *Id.* Accordingly, we need not address Quintana-Florian's arguments of equitable tolling and ineffective assistance of counsel. *See id.*

The BIA's finding that Quintana-Florian was notified of the removal hearing via service to his previous counsel of record is supported by substantial evidence in the record. As Quintana-Florian has pointed to no evidence that

compels a contrary conclusion, he has not established that the BIA abused its discretion in finding that he received notice of the hearing in compliance with § 1229(a)(1) and (a)(2) and that he therefore could not reopen his removal proceedings pursuant to § 1229a(b)(5)(C)(ii).  *See Chun,* 40 F.3d at 78.

Because the BIA did not abuse its discretion in denying Quintana-Florian's motion to reopen, we need not address his argument that the in absentia removal order in the underlying immigration proceeding violated his due process rights.  We have held that the denial of a motion to reopen cannot violate an alien's due process rights because the relief sought in such a motion is discretionary in nature.  *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).  Thus, Quintana-Florian's argument that his due process rights were violated by the lack of any evidentiary hearing in connection with his motion to reopen is without merit.  The petition for review is DENIED.