# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2012

Lyle W. Cayce
Clerk

No. 11-60468
Summary Calendar

JUNLING LIU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 378 234

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Junling Liu petitions for review of the Board of Immigration Appeals's (BIA) decision to dismiss her appeal of the Immigration Judge's order denying her second motion to reopen the removal proceeding.

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision will be upheld "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304. (internal quotation marks and citations omitted).

Liu has not shown that the BIA abused its discretion in denying her second motion to reopen the removal proceeding. Her eligibility for rescission of the removal order is immaterial because her motion to reopen is numerically barred, and the exceptions to the numerical bar are not applicable. *See* 8 C.F.R. § 1003.23(b)(1), (b)(4)(ii); 8 U.S.C. § 1229a(c)(7)(A), (C)(iv). Her arguments that reopening is warranted due to ineffective assistance of counsel and her eligibility for adjustment of status are in essence arguments that the BIA should have exercised its discretion to reopen the removal proceeding sua sponte. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008). We lack jurisdiction to review the BIA's wholly discretionary decision to refuse to reopen the removal proceeding sua sponte. *See id.* at 219–20. To the extent that Liu argues that the denial of the motion to reopen violated her right to due process, she has no constitutionally protected interest in discretionary relief. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

Liu's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.