# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 12, 2012

Lyle W. Cayce
Clerk

No. 11-60203
Summary Calendar

ILSIA MAGALY PEREZ-FLORIAN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 704 678

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ilsia Magaly Perez-Florian (Perez), a native and citizen of Guatemala, seeks review of the orders of the Board of Immigration Appeals (BIA) denying her motion to reopen her immigration proceedings and her motion to stay removal. She posits three issues for review. The first is whether the BIA erred in determining that the material she presented with her motion to reopen would not establish that the dangerous circumstances and conditions prevailing in Guatemala when she moved to reopen in 2010 differed from those prevailing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when an immigration judge (IJ) ordered her removed in 1998. The second is whether the BIA erred by not treating Perez's evidence of natural catastrophes in Guatemala as exacerbating the danger Perez faced based on her sex. The third is whether the BIA abused its discretion when it failed to reopen sua sponte to consider whether women in Guatemala may constitute a particular social group eligible for immigration relief pursuant to the remand in *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010).

When judicial review of the denial of a motion to reopen is permitted, we employ a "highly deferential abuse-of-discretion standard." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted). Even if we think the BIA's denial wrong, the ruling will stand if "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

Ordinarily, a motion to reopen must be filed in the BIA "no later than within 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). This bar does not apply, however, if the motion is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence [of change] is material and was not available and could not have been discovered or presented at the previous hearing" before the IJ. § 1003.2(c)(3)(ii); *see Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 409–10 (5th Cir. 2010).

A motion to reopen must state new facts to be proved at a hearing and must "be supported by . . . evidentiary material." § 1003.2(c)(1). The BIA, in its gatekeeping function, concluded that, even assuming women in Guatemala could constitute a particular social group, Perez failed to present material that would show that contemporary circumstances in Guatemala differed from those

2

existing there at the time of her hearing in 1998. In explaining its denial of Perez's motion, the BIA mentioned only the materials attached to that motion, although the administrative record contained also the United States State Department country reports for Guatemala that Perez filed when she sought immigration relief in 1997. When she moved to reopen in the BIA, however, Perez did not direct the BIA to any of the earlier materials and instead limited her argument to the new material presented with her motion to reopen—material that did not present a basis for any determination about the circumstances existing in 1998 and whether they had changed. Given the limited argument and conclusory assertion of changed circumstances that Perez presented to the BIA, we cannot conclude that its denial of her motion to reopen was arbitrary, capricious, or irrational. *See Zhao*, 404 F.3d at 304.

We reject Perez's second claim also. Perez cites no legal authority for the proposition that asylum or withholding of removal can be granted based on any exacerbating effects of a tropical storm, flooding, landslides, a volcanic eruption, or a sinkhole in an urban setting. An issue must be briefed to be preserved. FED. R. APP. P. 28(a)(9). We are not required to find the legal basis for Perez's claim. *See United States. v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Because Perez has not presented any legal authority concerning, and thus has not preserved, the issue whether natural disasters may be considered in determining whether circumstances have worsened in Guatemala, we need not consider the issue.

Additionally, we find unavailing Perez's contention that the BIA abused its discretion when it chose not to reopen sua sponte. Given that the provision for sua sponte reopening, *see* § 1003.2(a), vests the BIA with complete discretion to deny untimely motions to reopen, we have "no legal standard by which to judge the . . . ruling, and therefore . . . lack[ ] jurisdiction" to do so. *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008).

PETITION DENIED.