**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2012

Lyle W. Cayce
Clerk

No. 11-60627
Summary Calendar

OCTAVIO GONZALEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 741 129

Before DENNIS, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Octavio Gonzalez, a native and citizen of Mexico, petitions this court for review of an order from the Board of Immigration Appeals (BIA) denying his motion to reopen and reconsider his immigration proceedings. He maintains that, pursuant to *Lopez v. Gonzales*, 549 U.S. 47 (2006), he was eligible to apply for cancellation of removal because his prior conviction for possession of cocaine did not constitute an aggravated felony. Gonzalez also maintains that he received ineffective assistance of counsel. Moreover, he asserts that since the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA dismissed his original appeal in 2006, the conditions in Mexico have changed and the prevalence of violence caused by drug trafficking cartels has caused him to fear persecution and torture if he returns to that country.

Gonzalez's motion to file an out-of-time reply brief is granted. However, his claims based on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), *Shepard v. United States*, 544 U.S. 13 (2005), and *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008), were raised for the first time in this court in the reply brief. We therefore will not review these allegations. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

There is no dispute that Gonzalez's motion to reopen and reconsider was filed more than 90 days after the BIA dismissed the original appeal. As a result, his requests to reconsider his case based on *Lopez* and on his allegations of ineffective assistance were untimely. 8 C.F.R. § 1003.2(b)(2), (c)(2). We lack jurisdiction to review the BIA's decision whether to exercise its discretion to reopen a proceeding sua sponte, and Gonzalez has not provided this court with any exception permitting such a review. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008). To the extent that Gonzalez asserts that he should have received equitable tolling for his diligence in raising his ineffective assistance claim, "a request for equitable tolling of a time- or number-barred motion to reopen on the basis of ineffective assistance of counsel is in essence an argument that the BIA should have exercised its discretion to reopen the proceeding sua sponte based upon the doctrine of equitable tolling," which is likewise unreviewable. *Id.* (internal quotation marks and citation omitted). Because we lack jurisdiction to review Gonzalez's claims on these grounds, the appeal is dismissed in part.

To the extent that Gonzalez sought reopening based on a change in country conditions, the time limits for filing do not apply. *See* § 1003.2(c)(3)(ii). The new evidence presented by Gonzalez did not indicate that he had a well-founded fear of persecution or that persecution was more likely than not based

on his membership in a particular social group, and he thus is not eligible for asylum or withholding of removal. *See Mwembie v. Gonzales*, 443 F.3d 405, 410 n.9 (5th Cir. 2006); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, Gonzalez did not establish that any torture would be caused by or acquiesced to by the Mexican government, and thus he is not entitled to relief pursuant to the Convention Against Torture. *See* 8 C.F.R. § 208.18(a)(1). Contrary to Gonzalez's assertions, the BIA did not rely on evidence that was not present in the record; he therefore was not denied due process when the BIA failed to give him notice of its intent to do so. The BIA thus did not abuse its discretion in denying the motion to reopen on the basis of changed country conditions. *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). The petition for review is therefore denied in part.

PETITION DISMISSED IN PART AND DENIED IN PART; MOTION GRANTED.