# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2012

No. 11-60790
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS GABRIEL MARTELL-GARCIA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 909 747

Before KING, DAVIS, and CLEMENT, Circuit Judges.
PER CURIAM:[*]

Carlos Gabriel Martell-Garcia, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings on the basis that the motion was untimely.

We review the BIA's denial of a motion to reopen for abuse of discretion and its factual findings for substantial evidence. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). The BIA's decision is "conclusive unless manifestly contrary to law and an abuse of discretion." *Id.* (internal quotation marks and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

citation omitted).  The BIA's ruling will stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

Martell-Garcia has not established that the BIA abused its discretion.  His argument that the motion to reopen was timely rests on his assertion that he filed the motion in March 2010 while his pro se motion for reconsideration was pending.  The BIA, however, determined that its records contained "no indication" that it received the motion at that time, and the record before us is devoid of evidence supporting Martell-Garcia's assertion.

Moreover, even if Martell-Garcia had filed the motion to reopen in March 2010 as he alleged, it is still untimely.  It was well beyond the 90-day window for filing a motion to reopen the BIA's October 14, 2009, decision.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i).  Though Martell-Garcia relies on *Wang v. Ashcroft,* 260 F.3d 448 (5th Cir. 2001), to support his argument that the BIA should have construed the motion to reopen as an amendment to his pending motion to reconsider, that case is inapposite.  There, we suggested that in certain circumstances, a subsequent motion to reopen may be construed as an amendment to a pending motion to reopen.  *Wang*, 260 F.3d at 452.  However, a motion to reopen and a motion to reconsider are distinct motions with different purposes and filing requirements.  *See* 8 U.S.C. § 1229a(c)(6)(B),(C), (7)(B), (C)(i); *Ramos-Bonilla v. Mukasey,* 543 F.3d 216, 219 n.3 (5th Cir. 2008).  Indeed, where a motion to reconsider was pending and an alien filed a "supplemental" submission seeking to reopen proceedings raising a new claim for relief, we have determined that the BIA did not abuse its discretion in characterizing the supplement as a separate motion to reopen.  *Lara v. Trominski,* 216 F.3d 487, 499 n.13 (5th Cir. 2000).  Likewise, the BIA did not abuse its discretion here in declining to construe the

motion to reopen, which sought to raise a new claim for relief, as an amendment to the pending motion to reconsider.

Martell-Garcia also argues that the time for filing the motion to reopen should be equitably tolled on the basis that his counsel rendered ineffective assistance and that he is eligible for adjustment of status.  These arguments amount to contentions that the BIA should have exercised its discretion to reopen the removal proceedings sua sponte.  *See Ramos-Bonilla*, 543 F.3d at 220.  We lack jurisdiction to review the BIA's decision to decline to do so.  *See id*. at 219-20.

Accordingly, Martell-Garcia's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.