# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2013

No. 11-60856
Summary Calendar

Lyle W. Cayce
Clerk

ASBERT FITZGERALD JOSEPH, also known as Joseph Albert, also known as Joseph Asbert, also known as Joseph Oskar Oskar,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 805 976

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Asbert Fitzgerald Joseph, a native and citizen of Saint Vincent and the Grenadines, petitions this court for review of an order from the Board of Immigration Appeals (BIA) denying his motion to reopen and reconsider. He maintains that he derived United States citizenship through his mother; that the BIA abused its discretion in denying his motion because the new evidence he presented showed that the findings of fact and conclusions of law of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge and the BIA were erroneous; that the BIA failed to give full faith and credit to the New York documents he submitted; that the BIA denied him the equal protection of the law in failing to credit the New York law addressing when state judgments become effective; and that reliance on a state judgment violated his due process rights.

We review the denial of motions to reopen and reconsider "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  The BIA's ruling will stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

Joseph has not established that the BIA abused its discretion.  There is no dispute that Joseph's motion to reopen and reconsider was filed more than 90 days after the BIA dismissed his appeal in November 2010.  As a result, his motion was untimely filed.  8 U.S.C. § 1229a(c)(6)(B), (7)(C)(i); 8 C.F.R. § 1003.2(b)(2), (c)(2).

Joseph argues that the BIA should have granted his motion because his citizenship claim was meritorious and could not be waived.  With the benefit of liberal construction, he further argues that the BIA should have tolled the time for filing his motion to reopen and reconsider because his counsel rendered ineffective assistance.  These arguments amount to contentions that the BIA should have exercised its discretion to reopen or reconsider the removal proceeding sua sponte.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).  We lack jurisdiction to review the BIA's decision declining to do so.  *See id.*

Accordingly, Joseph's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.