# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

No. 12-60324
Summary Calendar

Lyle W. Cayce
Clerk

NUBEAH VOMA, also known as Nubeab Voma, also known as Langba Voma,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079-255-248

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Nubeah Voma, a native and citizen of Cameroon, was ordered removed from the United States in 2008. In December 2011, Voma filed his second motion to reopen his immigration proceedings with the Board of Immigration Appeals (BIA), and in March 2012, the BIA denied the motion to reopen. Voma has filed a petition for review of the BIA's denial of his second motion to reopen.

The BIA's decision denying reopening found, inter alia, that Voma's motion to reopen was untimely and barred by the numerical limitations set forth in 8

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

C.F.R. § 1003.2(c).  Voma argues that the BIA erred in finding that his motion to reopen was time barred and number barred because he was entitled to equitable tolling based on ineffective assistance of counsel.  We have held that this court lacks jurisdiction to review the BIA's refusal to equitably toll time and numerical limitations based upon ineffective assistance of counsel, reasoning that a request for equitable tolling based on ineffective assistance of counsel was in essence a request for sua sponte reopening.  *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).  Voma acknowledges this court's opinion in *Ramos-Bonilla*, but he challenges that opinion as incorrectly decided.  However, one panel of this court may not overturn a prior decision of another, absent an intervening change in the law, such as a statutory amendment, or by a contrary or superseding decision by either the Supreme Court or this court en banc.  *See, e.g., Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Although Voma challenges the BIA's application of the "departure bar," *see* 8 C.F.R. § 1003.2(d), in the light of this court's recent decision in *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012), because the BIA also determined that Voma's motion to reopen was time barred and numerically barred, we need not address the BIA's application of the departure bar.  *See Ramos-Bonilla*, 543 F.3d at 219-20.  Because we lack jurisdiction to review the BIA's denial of Voma's untimely motion to reopen, we need not address Voma's equitable tolling or ineffective assistance of counsel arguments on their merits.  *See Ramos-Bonilla*, 543 F.3d at 220 ("Because this court lacks jurisdiction to review the BIA's denial of Ramos's untimely motions to reopen, we do not reach Ramos's equitable tolling or ineffective assistance of counsel arguments on their merits.").

PETITION FOR REVIEW DISMISSED.