**Sunday UKWU, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**Nos. 12–60321, 12–60553**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 5, 2013.

Sunday Ukwu, Gadsden, AL, pro se.

Donald Anthony Couvillon, Esq., Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Sunday Ukwu, a native and citizen of Nigeria, was ordered removed from this

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be

country in 1999. The Board of Immigration Appeals ("BIA") dismissed his appeal from that order in 2002. In 2012, Ukwu filed a motion to reopen his immigration proceedings with the BIA, which was denied. He then filed a motion for reconsideration that was also denied. Following each of those denials, Ukwu filed a petition for review.

Ukwu's motion to reopen was filed more than 90 days after the BIA dismissed his original appeal. As a result, his request to reopen his case based on his allegations of ineffective assistance of counsel was untimely. 8 C.F.R. § 1003.2(b)(2), (c)(2). The record shows the BIA understood its authority to consider Ukwu's claims of ineffective assistance and declined to exercise its discretion to do so. We lack jurisdiction to review the BIA's decision on whether to exercise its discretion to reopen a proceeding *sua sponte,* and Ukwu has not provided this court with any exception permitting such a review. *See Ramos-Bonilla v. Mukasey,* 543 F.3d 216, 220 (5th Cir.2008). We similarly lack jurisdiction to review the BIA's refusal to equitably toll time and numerical limitations based upon allegations of ineffective assistance of counsel. *See Ramos-Bonilla,* 543 F.3d at 219–20. Thus, Ukwu's PETITION seeking review of the order denying his motion to reopen is DISMISSED.

Turning to the BIA's denial of Ukwu's motion for reconsideration, Ukwu does not address whether the BIA abused its discretion in denying his motion for reconsideration and does not expressly identify anything in the BIA's decision that is capricious, irrational, arbitrary, racially invidious, or completely lacking in evidentia-

ry basis. *See Zhao v. Gonzales,* 404 F.3d 295, 303–04 (5th Cir.2005). Thus, Ukwu's PETITION seeking review of the order denying his motion for reconsideration is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under