# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2013

Lyle W. Cayce
Clerk

No. 12-60284
Summary Calendar

NELSON JAVIER GARCIA-RIVERA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 672 593

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In June 2006, an immigration judge (IJ) entered an in absentia order removing Nelson Javier Garcia-Rivera to his native El Salvador. More than five years later, Garcia-Rivera moved to rescind the removal order and reopen his immigration proceedings. The IJ denied the motion, and the Board of Immigration Appeals (BIA) dismissed Garcia-Rivera's appeal and denied his motion to remand his case to the IJ. Garcia-Rivera now petitions for review of the BIA's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60284

In his petition for review, Garcia-Rivera asserts that the 180-day deadline for filing a motion to reopen pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i) should be equitably tolled based on his assertions that he received ineffective assistance of counsel and that he had been defrauded by a California notary. In this circuit, such an argument is construed as a challenge to the BIA's refusal to exercise its discretion to sua sponte reopen the proceeding under 8 C.F.R. § 1003.2(a). *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). Accordingly, we lack jurisdiction to review this purely discretionary decision. *Id.*

Garcia-Rivera also reiterates his contention that he was not properly served with the notice to appear (NTA) because he lacked the mental stability to comprehend the contents of the NTA. The record contains evidence that Garcia-Rivera received both oral and written notice of his immigration hearing and the consequences of failing to appear for that hearing as required by 8 U.S.C. § 1229(a)(1). There is also evidence that the oral notice was given in Spanish and that Garcia-Rivera stated to the Border Patrol agent that he understood the notice. Garcia-Rivera has not shown that the BIA abused its discretion in determining that reopening was not warranted under § 1229a(b)(5)(C)(ii). *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The petition filed by Garcia-Rivera does not include any challenge to the BIA's denial of his motion to remand, its determination that his motion to reopen was untimely under 8 U.S.C. § 1229a(b)(5)(C)(i), or its determination that he had not shown a change in country conditions that warranted reopening under § 1229a(c)(7)(C)(ii). He has thus waived those issues. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.