# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

No. 12-60911
Summary Calendar

Lyle W. Cayce
Clerk

MARINA MEMBRENO SERBELLON,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 869 006

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Marina Membreno Serbellon, a native and citizen of El Salvador, petitions us for review of the Board of Immigration Appeals (BIA) decision dismissing her appeal of the denial of a motion to rescind an in absentia order of removal and to reopen her removal proceedings. This motion was filed approximately 15 years after the entry of the final order of removal.

In her petition for review, Membreno Serbellon asserts that the 180-day deadline for filing a motion to reopen pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be equitably tolled based on her assertions that she received ineffective assistance of counsel and that her counsel committed other unethical and improper acts. In this circuit, an argument for equitable tolling of the time limits for a motion to reopen is construed as a challenge to the BIA's refusal to exercise its discretion to sua sponte reopen the proceeding. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). As we lack jurisdiction to review this purely discretionary decision, her petition for review is dismissed in part. *See id.*

Membreno Serbellon also argues that her motion to reopen should have been granted because she has a right to de novo review of the denial of her application for Temporary Protected Status (TPS). *See* 8 U.S.C. § 1254a(b)(5)(B); 8 C.F.R. § 244.18(b). However, this right to de novo review applies to aliens already in removal proceedings; she has not shown that it provides an independent basis for reopening of a final order of removal. *See, e.g.,* § 1254a(b)(5)(B); 8 C.F.R. § 244.18(b); *see also Mejia Rodriguez v. U.S. Dept. of Homeland Sec.,* 562 F.3d 1137, 1145 (11th Cir. 2009). In addition, the BIA decision Membreno Serbellon cites, *Matter of Lopez-Aldana,* 25 I. & N. Dec. 49, 51 (BIA 2009), is distinguishable because it addressed whether an alien was required to exhaust administrative appeal procedures before seeking review of a TPS determination before an IJ in removal proceedings; unlike Membreno Serbellon, the alien in *Lopez-Aldana* was not subject to a final order of removal.

Accordingly, the petition for review is DISMISSED IN PART and DENIED IN PART.