**Carlos CRUZ–CHAVEZ, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 13–60598**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 15, 2014.

Mike Singh Sethi, Esq., Orange, CA, for Petitioner.

Andrew Jacob Oliveira, Tangerlia Cox, James Adelbert Hurley, Karen Y. Stewart, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before DAVIS; SOUTHWICK, and HIGGINSON, Circuit Judges.

---

PER CURIAM: \*

Carlos Cruz–Chavez, a native and citizen of Honduras, petitions this court for review of the decision by Board of Immigration Appeals (BIA) dismissing his appeal from the denial of a motion to reopen his removal proceedings. This motion was filed approximately 15 years after the entry of the final order of removal.

In his petition for review, Cruz–Chavez asserts that the 180–day deadline for filing a motion to reopen pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i) should be equitably tolled based on exceptional circumstances, i.e., his medical condition and the fact that he did not receive the removal order. The BIA noted that this court has not adopted the doctrine of equitable tolling in immigration cases and determined that, even if the doctrine of equitable tolling applied, Cruz–Chavez had not demonstrated that he had acted with due diligence. The BIA further determined that Cruz–Chavez had presented insufficient evidence justifying a discretionary granting of his motion to reopen and the extraordinary remedy of reopening his deportation proceedings sua sponte.

We review the BIA's decision and consider the decision of the immigration judge (IJ) only to the extent that it influenced the BIA's decision. *Gomez–Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir.2009). In this circuit, a request for equitable tolling of the time limits for a motion to reopen is in essence an argument that the BIA should exercise its discretion to sua sponte reopen the proceeding. *See Ramos–Bonilla v. Mukasey*, 543 F.3d 216, 219–20 (5th Cir.2008); *see also Enriquez–Alvarado v. Ashcroft*, 371 F.3d 246, 249 n. 3 (5th Cir.2004). We lack jurisdiction to review this purely discretionary decision. *See Ramos–Bonilla*, 543 F.3d at 219–20.

Cruz–Chavez argues that we have jurisdiction to review the decisions of the IJ and BIA not to apply equitable tolling because they incorrectly believed that equitable tolling was not permitted. This argument is without merit. We review the BIA's decision, *see Gomez–Palacios,* 560 F.3d at 358, and the BIA correctly stated that we have not adopted the doctrine of equitable tolling in immigration cases. We note that the BIA nevertheless determined that, even if equitable tolling applied, Cruz–Chavez had not acted with due diligence. The BIA's decision as to equitable tolling is still not reviewable by this court given our precedent that such a decision is essentially a decision not to exercise its sua sponte authority. *See Ramos–Bonilla,* 543 F.3d at 219–20. Because we lack jurisdiction to review the decision of the BIA, the petition for review is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.