# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60436
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

SANDRA ZAPATA-HERNANDEZ, also known as Sandra E. Zapata,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petitions for Review of an Order of
the Board of Immigration Appeals
No. A 087 936 895

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mexican national Sandra Zapata-Hernandez petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of her appeal of the immigration judge's ruling finding her to be ineligible for cancellation of removal and voluntary departure and of the BIA's denial of her motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reopen.  For the reasons that follow, the petitions for review are denied.

For the first time, Zapata-Hernandez concedes that her 2007 Texas guilty-plea conviction of tampering with a government record, a state jail felony for which she received three years of deferred-adjudication probation, was both a conviction and a crime involving moral turpitude ("CIMT").  Her sole theory is that, despite that conviction, she is eligible for relief in the form of cancellation of removal because her conviction falls within the petty-offense exception of 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

Inasmuch as Zapata-Hernandez petitions for review of the BIA's decision dismissing her appeal and denying reopening based on the determination that she was statutorily ineligible for cancellation of removal because her prior offense was a CIMT conviction—a fact she now concedes—the petitions for review are denied.  Similarly, to the extent that she petitions for review of the BIA's denial of her request for relief in the form of voluntary departure, her petition is also denied because she has failed to brief any challenge thereto. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

As she did for the first time in her motion to reopen, Zapata urges that her offense falls within the petty-offense exception because she received deferred-adjudication probation, was never adjudged guilty, and was never ordered to serve imprisonment.  She reasons that, without an adjudication of guilt, she was never subject to imprisonment and thus that the petty offense exception applies.

The BIA may reopen or reconsider any case in which it has previously rendered a decision.  8 C.F.R. § 1003.2(a)−(c).  A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."

No. 13-60436

8 U.S.C. § 1229a(c)(7)(B); *accord* § 1003.2(c)(1). Zapata-Hernandez's motion to reopen did not point to any new facts and was not supported by new evidence.[1] *See* § 1229a(c)(7)(B); § 1003.2(c)(1). Consequently, the BIA did not err in determining that the newly raised argument regarding the petty-offense exception was not a proper basis for reopening.

The petitions for review are DENIED.

---

[1] Zapata's motion to reopen could not be construed as a motion for reconsideration, instead of a motion to reopen, because it was not filed within 30 days of the BIA's dismissal of her appeal. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1), (2); *see also Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219 n.3 (5th Cir. 2008).