# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60874
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2017

Lyle W. Cayce
Clerk

ERICK ARNOLDO RAMOS-HERNANDEZ,

Petitioner

v.

JEFF SESSIONS, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 963 224

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Erick Arnoldo Ramos-Hernandez, a native and citizen of El Salvador, petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his second motion to reopen in absentia removal proceedings.

Ramos-Hernandez first argues that the BIA erred in denying his motion to reopen despite his offering previously unavailable evidence of changed country conditions in El Salvador since the time of his original removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  As the BIA observed, none of the evidence submitted by Ramos-Hernandez provided any meaningful comparison between relevant conditions in El Salvador in 2002 and 2015.  *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005).  Thus, the BIA did not abuse its discretion in denying the motion to reopen.  *See Ramos-Lopez*, 823 F.3d at 1026; *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  We therefore do not reach Ramos-Hernandez's arguments that he established prima facie eligibility for relief from removal.

Next, Ramos-Hernandez contends that the BIA abused its discretion in declining to exercise its sua sponte authority to reopen his removal proceedings.  Because 8 C.F.R. § 1003.2(a) provides the BIA with complete discretion in determining whether to sua sponte reopen removal proceedings, we lack jurisdiction to review Ramos-Hernandez's challenge to the BIA's refusal to do so.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).  Ramos-Hernandez's argument that the BIA's refusal to sua sponte reopen his removal proceedings violated his due process rights is unavailing.  *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

Ramos-Hernandez's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.