# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 22, 2013

Lyle W. Cayce
Clerk

No. 12-60397
Summary Calendar

THUY THI-THU LE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 278 359

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Thuy Thi-Thu Le, a native and citizen of Vietnam, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her motion to reopen removal proceedings. She contends that the evidence supports a finding that she was married prior to entering the United States. She also asserts that she relied on advice from counsel in requesting voluntary departure and that she did not understand the consequences of voluntary departure. Finally, Le contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she was entitled to cancellation of removal based on extreme hardship and under the Violence Against Women Act.

The Respondent argues that this court lacks jurisdiction over Le's petition because her motion was based on the IJ's discretionary authority to sua sponte reopen proceedings. Presumably, the Respondent is basing this assertion on the premise that the motion to reopen was not timely filed. The only avenue of relief available to aliens who file untimely motions to reopen before the IJ are motions based on the sua sponte authority to reopen or reconsider the proceedings. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008); 8 C.F.R. § 1003.23(b)(1).

Le's motion to reopen was filed with the IJ on June 7, 2010, more than 90 days after the IJ's February 18, 2010, decision, but prior to an overstay of the voluntary departure period. Therefore, her motion to reopen was not untimely because it was not filed later than 90 days from the finality of the order of removal. *See* § 1003.23(b)(1); 8 C.F.R. § 1240.26(b)(1)(iii), (iv); 8 C.F.R. § 1241.1(f). Additionally, the IJ and the BIA did not reference the motion as being untimely or as falling within the IJ's discretionary authority to sua sponte reopen the proceedings.

We have jurisdiction to consider denials of motions to reopen. *Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010) (citing *Kucana v. Holder*, 130 S. Ct. 827, 838-40 (2010)). Such motions are disfavored, *see Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000), and we review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Le makes no argument or showing that the motion relied on new facts that were not "available and could not have been discovered at the former hearing." § 1003.23(b)(3). As to any claim of ineffective assistance, the BIA refused to consider such a claim, finding that Le failed to comply with the requirements for making a valid claim of ineffective assistance of counsel as set forth in *Matter of*

*Lozada*, 19 I. & N. Dec. 637 (BIA 1998). Because she does not address the BIA's ruling on this issue, any challenge to the BIA's ruling on this issue is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

As to Le's claim that she will suffer extreme hardship and is entitled to cancellation of removal, the BIA found that she failed to support the motion to reopen with any application for relief from removal as is required by § 1003.23(b)(3), which provides that a motion to reopen "for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief." Again, because Le does not challenge the BIA's ruling on this issue, the issue is abandoned. *See Soadjede*, 324 F.3d at 833.

The assertion that Le would have been entitled to relief in the form of cancellation of removal under the Violence Against Women Act because she was abused by her former fiancé was not raised before the IJ or the BIA. Therefore, this court lacks jurisdiction to consider Le's argument that she would be entitled to relief based on her allegations of abuse. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

The BIA did not abuse its discretion in dismissing Le's appeal from the denial of the motion to reopen. *See Zhao*, 404 F.3d at 303. Her petition for review is DENIED.