# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2013

No. 12-60666
Summary Calendar

Lyle W. Cayce
Clerk

MARCELINO MELENDEZ-AMAYA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 104 545

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marcelino Melendez-Amaya is a native and citizen of Mexico. In September 2008, he was charged with being subject to removal as an alien present in the United States without having been admitted or paroled. Melendez conceded removability but maintained he was eligible to adjust his status to permanent resident under the Child Status Protection Act, Pub. L. No. 107-208, 116 Stat. 927 (2002). On 21 April 2009, the Immigration Judge (IJ)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found Melendez ineligible to adjust his status and granted Melendez' request for voluntary departure from the United States.

Melendez timely appealed, and the Board of Immigration Appeals (BIA) affirmed the IJ's decision on 30 March 2011 and dismissed the appeal. The BIA declined, however, to reinstate Melendez' voluntary-departure period based on the BIA's erroneous finding that Melendez had not submitted timely proof of payment of his voluntary-departure bond, as required by 8 C.F.R. § 1240.26 (c)(3)(ii). Melendez did not seek review of the BIA's decision.

Instead, on 16 May 2011, Melendez filed a motion to reopen with the BIA. He first claimed the BIA had incorrectly denied him reinstatement of voluntary departure and asked the BIA to "reinstate the voluntary departure granted by the [IJ]". Second, Melendez asked the BIA to reopen his proceedings and remand the case to the IJ, asserting he was eligible for cancellation of removal based on changed circumstances concerning the health of his United States citizen son.

On 13 October 2011, the BIA denied the motion to the extent Melendez sought reopening to apply for cancellation of removal. On the other hand, the BIA granted the motion in part for the limited purpose of reinstating voluntary departure. The BIA permitted Melendez to voluntarily depart the United States "within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security". Melendez did not seek review of the BIA's decision.

On 10 February 2012, Melendez filed with the BIA a motion to reopen and reconsider. He claimed "changed circumstances" (i.e., his father's eligibility to naturalize immediately) warranted reconsideration of his case because he might soon become eligible to adjust his status to a permanent resident under 8 U.S.C. § 1255(i).

On 30 July 2012, the BIA denied Melendez' motion, finding: as a motion to reconsider, it was untimely; and, as a motion to reopen, it was both time and

number barred. Additionally, the BIA found no reason to exercise its discretion to reopen the proceedings *sua sponte*. In this vein, the BIA noted Melendez' "failure to depart from the United States within the time period allowed for voluntary departure under the Board's final order rendered him statutorily ineligible for adjustment of status for a period of 10 years from that failure to depart". *See* 8 U.S.C. § 1229c(d)(1)(B). Melendez filed for review of the BIA's decision.

On 28 August 2012, Melendez filed a third motion with the BIA. He again claimed he would be eligible for adjustment of status under § 1255(i) within several months. He also challenged the BIA's statement in its previous decision that he was ineligible to adjust status based on his failure to timely depart.

On 22 October 2012, the BIA denied Melendez' motion, which it construed as both a motion to reconsider and a motion to reopen. The BIA also declined to reopen the immigration proceedings *sua sponte*. Melendez filed for review of the BIA's decision; it was consolidated here with his petition for review from the 30 July 2012 decision.

Melendez petitions for review of the BIA's 30 July 2012 denial of his motion to reopen and reconsider and its 22 October 2012 denial of his subsequent motion to reopen and reconsider. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 394-95 (1995). The crux of Melendez' challenge concerns the BIA's statement, in its July 2012 decision, that Melendez is subject to the penalties under § 1229c(d)(1)(B), based on his failure to depart within the time period allowed for voluntary departure.

Melendez has not shown the BIA abused its discretion when it denied his motions to reconsider and reopen. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). First, to the extent the motion dated 10 February 2012 was a motion to reconsider, it was not timely filed from the date of the BIA's last order. An alien may file one motion to reconsider and must do so within 30 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(6)(A)-(B);

8 C.F.R. § 1003.2(b)(2). As a motion to reopen, it also was not filed timely from the proceeding it sought to reopen, as an alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Because the motion to reconsider was filed more than 30 days after the BIA's last order of 13 October 2011, and because the motion to reopen was filed more than 90 days after the BIA's dismissal of the appeal on 30 March 2011, the BIA properly determined Melendez' motions were untimely. *See* 8 U.S.C. § 1229a(c)(6)(A)-(B), (c)(7)(C)(i); 8 C.F.R. § 1003.2(b)(2), (c)(2). Moreover, an alien may file only one motion to reopen within 90 days of the date of the final order of removal. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Given that Melendez filed a motion to reopen on 16 May 2011, the current motion to reopen also was number barred. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2).

As for the motion filed on 28 August 2012, the motion to reconsider was barred in part by regulation because a party "may not seek reconsideration of a decision denying a previous motion to reconsider". 8 C.F.R. § 1003.2(b)(2). Further, to the extent Melendez sought reconsideration of his prior motion to reopen, he did not show any error in the BIA's finding the motion to reopen, his second, was both time and number barred. Further, as a motion to reopen, the 28 August 2012 filing was barred by time and numerical limitations, as it was not filed within 90 days of the of the BIA's final order, and it was Melendez' third motion to reopen. 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Melendez has not shown the BIA abused its discretion by denying his motions to reopen and reconsider as time and number barred.

To the extent Melendez claims the BIA abused its discretion by refusing *sua sponte* to reopen the proceedings based on exceptional circumstances warranting equitable tolling of the time and number limitations, this court lacks jurisdiction to review such contentions. *See Ramos-Bonilla v. Mukasey*, 543 F.3d

216, 219-20 (5th Cir. 2008); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

Finally, in his attempt to overturn the BIA's statement in its 30 July 2012 decision regarding the penalties for failing to depart from the United States during the voluntary-departure time period, Melendez requests this court review (1) the BIA's failure to reinstate the voluntary-departure grant when it dismissed his appeal on 30 March 2011; and (2) its reinstatement on 13 October 2011 of the voluntary-departure period, following his first motion to reopen. Those rulings, however, are not properly before this court because Melendez did not file a petition for review within 30 days of either decision. *See* 8 U.S.C. § 1252(b)(1); *Stone*, 514 U.S. at 394-95.

DISMISSED in part and DENIED in part.