# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2021

Lyle W. Cayce
Clerk

———————

No. 21-60326

———————

Georges Sallah Lembou,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A207 366 356

_____

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.
Per Curiam:*

Georges Lembou moves for a stay of removal pending resolution of his petition for review of the Board of Immigration Appeals ("BIA") denial of his motions to reopen and reconsider. We deny the motion for a stay.

Lembou's asylum application was denied by the BIA in 2019. He then filed motions to reopen and reconsider in February 2020, which were denied

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60326

by the BIA as untimely. Lembou filed subsequent motions to reopen and reconsider in August 2020, arguing that the deadline applicable to his February motions should be equitably tolled due to his poor health following a car accident. The BIA again denied the motions because both were untimely, the motion to reopen was numerically barred, Lembou failed to demonstrate that equitable tolling was warranted, and the circumstances did not warrant sua sponte reopening. Lembou then filed a petition for review of the denial of his August 2020 motions and now moves to stay removal pending our resolution of his petition for review.

We consider four factors in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1] The first two factors are the "most critical."[2] This Court applies "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings."[3] We must affirm the BIA's decision as long as it is "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary."[4]

Lembou has not demonstrated that he is likely to succeed on the merits. First, his August 2020 motions to reconsider and reopen were untimely. Motions to reconsider must be filed within 30 days of the order in question.[5] The BIA denied Lembou's first set of motions to reopen and

---

[1] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted).

[2] *Id.*

[3] *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).

[4] *Id.* at 203-04 (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009)).

[5] 8 U.S.C. § 1229a(c)(6)(B).

reconsider in May 2020, but Lembou did not move to reconsider until August. Motions to reopen must be filed within 90 days of the BIA's final administrative removal order.[6] The BIA's final order was issued in 2019, well over 90 days before Lembou filed his latest motion to reopen in 2020. Only one motion to reopen may be filed in this situation, but the August 2020 motion was Lembou's second.[7]

The BIA rejected Lembou's equitable-tolling argument because the August motion itself was untimely and Lembou did not argue that the August motion should also be subject to equitable tolling. In his motion for a stay, Lembou does not make any argument challenging this determination by the BIA as an abuse of discretion.

Finally, to the extent Lembou argues that the BIA abused its discretion by refusing to sua sponte reopen proceedings, we lack jurisdiction to review those arguments.[8]

IT IS ORDERED that Petitioner's opposed motion for stay of removal pending review is DENIED.

---

[6] *Id.* § 1229a(c)(7)(A).

[7] *Id.* 1229a(c)(7)(A).

[8] *See, e.g.*, *Melendez-Amaya v. Holder*, 541 F. App'x 495, 497 (5th Cir. 2013) (unpublished) (per curiam).