# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60297
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2014

Lyle W. Cayce
Clerk

GABRIEL ADRIAN GARCIA, also known as Gabriel Adrian Garcia Leal,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A300 321 217

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Gabriel Adrian Garcia petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his appeal of the Immigration Judge's (IJ) order denying his motion to reopen. He claims, without citing anything in the record before us, that the IJ erroneously concluded that the Department of Homeland Security (DHS) could not exercise its prosecutorial discretion to terminate or defer his removal until he was ordered removed. Although he concedes that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"DHS never indicated that it intended to exercise [its] discretion" in his case, Garcia nonetheless contends that he was denied due process because his circumstances warranted the exercise of prosecutorial discretion pursuant to a memorandum from John Morton, Director of Immigration and Customs Enforcement (ICE), that authorizes ICE attorneys to exercise prosecutorial discretion at any stage of the removal proceedings.

We review the decision of the BIA unless the IJ's decision influenced the BIA's decision. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Since the BIA adopted the IJ's findings and conclusions, the IJ's findings are reviewable. *See id.*

We lack jurisdiction to consider Garcia's challenge to the exercise of DHS's prosecutorial discretion to terminate or defer his removal. *See* 8 U.S.C. § 1252(g). We have jurisdiction to review the denial of Garcia's motion to reopen. *See Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010). However, Garcia does not address the IJ's finding that his motion to reopen was untimely, thereby waiving consideration of the issue. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). To the extent that Garcia argues that the IJ should have reopened the removal proceeding via his sua sponte authority, we lack jurisdiction to review the IJ's wholly discretionary refusal to do so. *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008). Finally, Garcia cannot establish a due process violation related to his motion to reopen because "there is no liberty interest at stake in a motion to reopen." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

Garcia's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.