# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2014

Lyle W. Cayce
Clerk

DANIEL PAZO-RICANO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 015 979

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Pazo-Ricano, a native and citizen of Cuba, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) grant of the Department of Homeland Security's (DHS) motion for reconsideration and of the IJ's denial of his motion to reopen. He contends that the IJ and the BIA failed to consider that he was eligible for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light of this court's decision in *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008). Further, Pazo-Ricano contends that his eligibility for a waiver of inadmissibility was an exceptional circumstance warranting sua sponte reopening and that he was entitled to equitable tolling from the date of the *Martinez* decision until he could consult with counsel and file his motion to reopen.

Because Pazo-Ricano seeks review of the decision to deny a motion to reopen sua sponte, and because such authority is discretionary, we lack jurisdiction. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219 (5th Cir. 2008); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Moreover, Pazo-Ricano did not argue before the BIA that he was eligible for a waiver of inadmissibility in light of *Martinez,* that his eligibility for a waiver of inadmissibility following *Martinez* was an exceptional circumstance warranting reopening, or that he was entitled to equitable tolling between the date of the *Martinez* decision and the filing of his motion to reopen. Pazo-Ricano's failure to exhaust these issues deprives this court of jurisdiction. *See Said v. Gonzales*, 488 F.3d 668, 670-71 (5th Cir. 2007); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

To the extent that Pazo-Ricano asserts that he seeks review of the BIA's dismissal of his appeal of the IJ's grant of the respondent's motion for reconsideration, he has presented no argument in support of this issue and, thus, has abandoned it for purposes of the petition for review. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

PETITION DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.