# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-60197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

Lyle W. Cayce
Clerk

————

ENRIQUE TREJO TREJO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 879 590

————————————————

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Enrique Trejo Trejo (Trejo), a citizen and native of Mexico, petitions this court for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reconsider the BIA's dismissal of his appeal from the immigration judge's denial of his motion to reopen his removal proceedings. Because Trejo submitted evidence with his motion to reconsider, the BIA construed the motion as both a motion to reconsider and a motion to reopen.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60197

Trejo has filed a timely petition for review of only the BIA's denial of his motion to reconsider. Accordingly, we have jurisdiction to review that decision and do not have jurisdiction to review earlier orders entered in Trejo's removal proceedings. *See Stone v. INS*, 514 U.S. 386, 405 (1995); *Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009).

Trejo asserts that the BIA abused its discretion by ruling that he had not shown exceptional circumstances warranting the favorable exercise of discretion. Because Trejo's underlying motion to reopen was untimely, however, the BIA only considered whether Trejo had shown exceptional circumstances in deciding whether it should sua sponte reopen Trejo's removal proceedings. As this argument challenges only the BIA's refusal to sua sponte reopen the removal proceedings, we do not have jurisdiction to consider it. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Accordingly, this portion of Trejo's petition for review is dismissed. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008).

Trejo argues that the BIA violated his due process rights by upholding his removal based upon a charge that was based upon a fact, his illegal entry into the United States in 2004, that was later shown to be incorrect. He acknowledges that an alien is usually bound by his counsel's admissions, but asserts that being bound by the admission that he illegally entered the United States in 2004 in this case would be improper. He maintains that the BIA abused its discretion by refusing to reopen his removal proceedings because he demonstrated prima facie eligibility for adjustment of status by presenting the approved Form I-130 visa petition that his wife had filed on his behalf. He asserts that the BIA abused its discretion by failing to consider his motion to reconsider unopposed because the Department of Homeland Security did not file a response. Trejo contends that the BIA erroneously ruled that he had not

2

presented new evidence when he had presented new evidence that Citizen and Immigration Services had approved the visa petition that his wife had filed on his behalf.

We have jurisdiction to consider denials of motions to reopen or reconsider. *Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010). Such motions are disfavored, *see Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000), and we review the denial of a motion to reopen or a motion to reconsider under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's ruling will stand, even if erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

The BIA determined that Trejo's underlying motion to reopen was untimely and that Trejo had not shown that this determination was incorrect in his motion to reconsider. It further ruled that to the extent that Trejo's motion to reconsider was properly construed as a motion to reopen, it was untimely and numerically barred. Trejo does not challenge these rulings in this court or argue that any exception to the time and numerical limitations apply, and he has therefore waived any such challenge he could have raised. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Trejo's motion to reconsider challenged the denial of his underlying motion to reopen. As Trejo does not dispute that his underlying motion to reopen was untimely, the only relief available to him was sua sponte reopening of his removal proceedings. *See Ramos-Bonilla*, 543 F.3d at 219. As noted above, however, we do not have jurisdiction to consider challenges to the denial of sua sponte reopening. *See Enriquez-Alvarado*, 371 F.3d at 249-50.

No. 14-60197

Accordingly, even if his challenges to the various alternative rulings made by the BIA were meritorious, Trejo could not obtain relief. *See Ramos-Bonilla*, 543 F.3d at 219. Accordingly, we need not consider Trejo's challenges to the alternative rulings of the BIA.

Furthermore, Trejo's due process claim is without merit; while Trejo presented evidence that he legally entered the United States in 1999, this is not inconsistent with his admission that he had illegally entered the United States in 2004 as Trejo could have legally resided in the United States in 1999, returned to Mexico, and illegally entered the United States in 2004. Accordingly, Trejo has not shown that the BIA's factual determination that he illegally entered the United States in 2004 was an abuse of discretion. *See Zhao*, 404 F.3d at 303-04.

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.