# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60330
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

JOSE MARIA VILLATORO-AVILA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 968 520

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Maria Villatoro-Avila, a native and citizen of El Salvador, petitions this court for review of the Board of Immigration Appeals' (BIA) decision denying his motion to reopen his removal proceedings. The BIA determined that the motion to reopen was untimely and that Villatoro-Avila had not established the applicability of the exception for aliens seeking to apply for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asylum based on changed country conditions.  Although we have appellate jurisdiction to review this decision, *see Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005), Villatoro-Avila has failed to challenge the BIA's finding that his motion to reopen was untimely and that he did not qualify for the exception based on changed country conditions.  He has thus abandoned any challenge to the denial of his motion to reopen on that basis.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Instead, Villatoro-Avila contends that the BIA abused its discretion in refusing to equitably toll the time limitation on motions to reopen based on the ineffective assistance of his prior attorneys and declining to exercise its sua sponte authority to reopen his removal proceedings.  Because 8 C.F.R. § 1003.2(a) provides the BIA with complete discretion in determining whether to sua sponte reopen removal proceedings, we lack jurisdiction to review Villatoro-Avila's challenge to the BIA's refusal to do so.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).  Further, Villatoro-Avila's claim that the time limitation should have been equitably tolled based on the ineffective assistance of his prior attorneys is, in essence, a claim that the BIA should have exercised its discretion to reopen the removal proceedings sua sponte based on the equitable tolling doctrine.  *See id.* at 220.  Because the BIA had complete discretion to deny Villatoro-Avila's equitable tolling request, we lack jurisdiction to review the BIA's decision.  *See id.*

Finally, to the extent that Villatoro-Avila argues that the BIA's refusal to equitably toll the time limitation and reopen his removal proceedings violated his due process rights, his argument is unavailing.  We have "repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that

No. 14-60330

requires due process protection." *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006); *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550-51 (5th Cir. 2006).

Villatoro-Avila's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. His motions for appointment of counsel, to suppress evidence, and to supplement the record are DENIED.