# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60218
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2015

Lyle W. Cayce
Clerk

ELVIS STEVE BARILLAS-RIVERA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 618 681

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Elvis Steve Barillas-Rivera is a native and citizen of Guatemala who became a lawful permanent resident in this country in 2002. In July 2009, Barillas-Rivera was convicted of a state controlled-substance offense, and he was later found to be deportable under 8 U.S.C. § 1227(a)(2)(B)(i). He applied for relief in the forms of cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60218

immigration judge (IJ) determined that another of Barillas-Rivera's prior convictions, a Texas conviction for burglary of a habitation, was an aggravated felony that precluded Barillas-Rivera from establishing his eligibility for cancellation of removal, asylum, and withholding of removal. The IJ thus pretermitted cancellation of those applications and, after receiving evidence, he denied the request for protection under the CAT. Barillas-Rivera appealed, but the Board of Immigration Appeals (BIA) dismissed his appeal. Barillas-Rivera filed an emergency motion to reconsider, which the BIA construed as a motion to reopen and denied. He then filed another motion to reopen, which was also denied by the BIA.

Barillas-Rivera's petition for review was timely only as to the BIA's March 2014 decision denying his second motion to reopen, *see Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003), and only that decision is properly before us, *see Stone v. INS*, 514 U.S. 386, 394, 401-06 (1995); *Guevara v. Gonzales*, 450 F.3d 173, 76 (5th Cir. 2006). Thus, we lack jurisdiction over the instant petition for review to the extent that it alleges any claim of error with respect to the BIA's December 2013 dismissal of Barillas-Rivera's appeal or its January 2014 denial of his first motion to reopen.

Because Barillas-Rivera was ordered deported due to a controlled-substance offense, we have jurisdiction to review the BIA's denial of his motion to reopen only on legal or constitutional grounds. *See* 8 U.S.C. § 1252(a)(2)(C), (a)(2)(D); *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). Barillas-Rivera's challenge to the BIA's denial of his second motion to reopen is exceedingly brief and consists of his characterization of the BIA's findings regarding the evidence he sought to submit as arbitrary and irrational. He has not made any cogent legal or constitutional challenge to the BIA's decision, and

No. 14-60218

we therefore lack jurisdiction to consider his argument.  *See* § 1252(a)(2)(C), (a)(2)(D).

Accordingly, Barillas-Rivera's PETITION FOR REVIEW is DISMISSED FOR LACK OF JURISDICTION.