# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60188
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2016

Lyle W. Cayce
Clerk

ELVIS STEVE BARILLAS-RIVERA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 618 681

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Elvis Steve Barillas-Rivera, native and citizen of Guatemala, became a lawful permanent resident of the United States in 2002. In 2009, he was convicted of a state controlled-substance offense; accordingly, he was found to be deportable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). Barillas applied for relief in the forms of: cancellation of removal; asylum; withholding of removal; and protection under the Convention Against Torture (CAT).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60188

At his removal hearing, the immigration judge (IJ) noted Barillas' 2009 state-law burglary conviction may be considered an aggravated felony under 8 U.S.C. § 1101(a)(43)(G), which would preclude him from establishing his eligibility for cancellation of removal, asylum, and withholding of removal. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1682 & n.1 (2013). Without reaching the merits of those applications, the IJ determined Barillas failed to meet his statutorily-imposed burden of proving that he had *not* been convicted of an aggravated felony. After hearing evidence, the IJ also denied Barillas' request for protection under the CAT, which is not at issue here.

Barillas unsuccessfully challenged the IJ's decision in an appeal, and in two motions to reopen filed with the Board of Immigration Appeals (BIA). He then filed a petition for review in this court, which was dismissed for lack of jurisdiction. *Barillas-Rivera v. Holder*, 589 F. App'x 307, 308 (5th Cir. 2015).

Subsequently, Barillas filed a third motion with the BIA, which it construed as both a motion to reconsider, and a motion to reopen. The BIA: denied the motion to reconsider as untimely; and denied the motion to reopen as untimely and numerically barred. It also determined the motion to reopen did not contain new facts, and did not warrant the exercise of the BIA's discretionary authority to reopen the proceedings *sua sponte*. Barillas challenges that decision.

His petition for review is timely only as to the BIA's denial of his third motion. 8 U.S.C. § 1252(b)(1) (a "petition for review must be filed not later than 30 days after the date of the final order of removal"); therefore, we lack jurisdiction over Barillas' petition for review to the extent it asserts any error with respect to any previous decisions by the IJ or BIA. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

No. 15-60188

Our jurisdiction to review final orders of removal "encompasses review of decisions refusing to reopen or reconsider such orders". *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015); *see* § 1252(b)(6). Nevertheless, because Barillas was ordered deported due to a controlled-substance offense, our jurisdiction is limited to review the denial of his motion only on legal or constitutional grounds. *See* § 1252(a)(2)(C), (a)(2)(D); *see Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219–20 (5th Cir. 2008).

Barillas contends the BIA erred in construing his motion to reopen as a motion to reconsider. Assuming, *arguendo*, he presents a legal argument conferring jurisdiction under § 1252(a)(2)(D), the assertion is unavailing. Barillas maintains, in the light of recent developments in the law, the BIA erred by determining he failed to show he was statutorily eligible for relief from removal. Contrary to his assertion, *In re X-G-W-*, 22 I. & N. Dec. 71 (BIA 1998), *superseded by In re G-C-L-*, 23 I. & N. Dec. 359 (BIA 2002), does not stand for the proposition that a motion to reopen is the proper vehicle for addressing changes in the law; therefore, the BIA did not err in construing the motion as one to reconsider. *See Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) (noting a motion to reopen seeks to introduce new evidence, and a motion to reconsider seeks reevaluation of the record evidence only). Barillas' challenge to the BIA's construction of his motion is denied.

Moreover, because the BIA also considered the motion as one to reopen, and determined it was untimely and numerically barred (a conclusion Barillas does not challenge), it was not required to proceed to the merits of his motion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach"). In any event, a request for review of the denial of discretionary relief, even if cloaked in legal terms, is not a

3

No. 15-60188

question of law for purposes of § 1252(a)(2)(D).  *See Hadwani v. Gonzales*, 445 F.3d 798, 800–01 (5th Cir. 2006).

Finally, our court lacks jurisdiction to review the BIA's refusal to reopen this matter *sua sponte*.  *See Ramos-Bonilla*, 543 F.3d at 220.  The Supreme Court's recent decision in *Mata* did not disturb our court's precedent on this point.  135 S. Ct. at 2155 (assuming, *arguendo*, lack of jurisdiction to review the BIA's use of its discretionary power to *sua sponte* reopen).

DENIED IN PART, DISMISSED IN PART.