# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60592
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2017

Lyle W. Cayce
Clerk

ARISTEO SANCHEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 096 457

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In 2004, Aristeo Sanchez was convicted in a Texas state court of possession of cocaine. Sanchez was removed to Mexico based on his commission of the offense, which was deemed both an aggravated felony and a controlled-substance offense. Nine years later, in 2013, Sanchez filed a motion to reopen the removal proceedings based on the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006). Sanchez was denied relief, and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60592

petition for review in this court was dismissed for lack of jurisdiction because it was untimely.

Sanchez filed with the Board of Immigration Appeals (BIA) a second motion to reopen its decision denying his original motion to reopen. The motion was based on his counsel's failure to file a timely petition for review of the decision denying his original motion to reopen. The BIA denied the motion as both untimely and number-barred. The BIA also denied sua sponte reopening, concluding that Sanchez's counsel's "failure to meet the Court of Appeals for the Fifth Circuit's filing deadline for appealing the Board's decision does not demonstrate a sufficient basis to exercise our sua sponte authority to reopen proceedings."

Sanchez filed a third motion to reopen, again based on counsel's ineffectiveness in failing to file a timely petition for review. The BIA again denied the motion as untimely and number-barred. The BIA also rejected Sanchez's claim that he was entitled to equitable tolling based on counsel's ineffectiveness. Sanchez has filed a timely petition for review of the BIA's order denying this third motion to reopen.

In his petition for review, Sanchez does not raise any argument directly challenging the denial of his current motion to reopen. Rather, he proceeds as if the BIA has reopened the proceedings, and he argues that his original motion to reopen was timely because equitable tolling of the statutory 90-day deadline was warranted due to the departure-bar regulations. He further argues that the departure-bar regulations are "wholly invalid."

This court will not raise and discuss legal issues that are not asserted by a petitioner. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam) (citing *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)). Sanchez has abandoned any argument that the BIA erred

No. 16-60592

in determining that his current motion to reopen was untimely and numerically barred, or in rejecting his claim for equitable tolling based on counsel's failure to file a timely petition for review. *See Soadjede*, 324 F.3d at 833. Additionally, we lack jurisdiction to consider Sanchez's current claims because Sanchez's petition for review was timely as to only the BIA's denial of his third motion to reopen, and because his claims were not exhausted before the BIA. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009); *see also Barillas-Rivera v. Lynch*, 668 F. App'x 81, 82 (5th Cir. 2016).

PETITION DENIED, in part, and DISMISSED, in part.